**WO**                                                                                                           MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diego Zavala, | ) No. CV 06-212-PHX-SMM (ECV) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Sheriff Joseph M. Arpaio, | ) |
| Defendant. | ) |

Plaintiff, currently confined in the Maricopa County Lower Buckeye Jail, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis* by a Prisoner Civil (Non-Habeas). This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates. The Court will order that Defendant Arpaio answer the Complaint.

**A.      Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. An initial partial filing fee of $32.67 will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court. Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be

**TERMPSREF**

forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee of $250.00 is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.     Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

**C.     Complaint.**

In his three-count Complaint, Plaintiff sues Defendant Joseph M. Arpaio. Plaintiff alleges that his Eighth Amendment rights are being violated because (1) he is being underfed and receiving rotten and undercooked food, (2) the jail is overcrowded, and (3) his living conditions are unsanitary. In his Request for Relief, Plaintiff seeks punitive damages, monetary compensation, contempt sanctions, correction of civil rights violations, and all available general and equitable relief. Liberally construed, Plaintiff has adequately stated a claim and the Court will require Defendant Arpaio to file an answer to the Complaint.

. . . .

. . . .

. . . .

1  **D.      Warnings.**

2  *1. Address Changes*

3  Plaintiff must file and serve a notice of a change of address 10 days before his move
4  is effective. See Local Rules of Civil Procedure (LRCiv) 83.3(d). Plaintiff shall not include
5  a motion for other relief with his notice of change of address.

6  *2. Copies*

7  Plaintiff must submit an additional copy of every original motion or other document
8  filed for use by the District Judge or Magistrate Judge to whom the case is assigned. See
9  LRCiv 5.4. Failure to comply with this requirement may result in the motion or document
10 being stricken without further notice to Plaintiff.

11 *3. Possible dismissal*

12 Plaintiff is warned that if he fails to timely comply with every provision of this Order,
13 including these warnings, this action will be dismissed without further notice. See Ferdik v.
14 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for
15 failure to comply with any order of the Court).

16 **IT IS THEREFORE ORDERED THAT:**

17 (1)     Plaintiff's Application to Proceed *In Forma Pauperis* (attached to document
18 #1) is **GRANTED**.

19 (2)     Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
20 Plaintiff is assessed an initial partial filing fee of $32.67. All fees shall be collected and paid
21 in accordance with this Court's Order to the appropriate government agency filed
22 concurrently with this Order.

23 (3)     The Clerk of Court shall send Plaintiff a service packet including the
24 Complaint (document #1), this Order, and both summons and request for waiver forms for
25 Defendant Joseph M. Arpaio.

26 (4)     Plaintiff shall complete and return the service packet to the Clerk of Court
27 within **20 days** of the date of filing of this Order. The United States Marshal will not provide
28 service of process if Plaintiff fails to comply with this Order.

1    (5)  If Plaintiff does not either obtain a waiver of service of the summons or
2 complete service of the Summons and Complaint on the Defendant within 120 days of the
3 filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the
4 action may be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and
5 Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

6    (6)  The United States Marshal shall retain the Summons, a copy of the Complaint,
7 and a copy of this Order for future use.

8    (7)  The United States Marshal shall notify Defendant of the commencement of this
9 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
10 Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The
11 Marshal shall file waivers of service of the summons or requests for waivers that were
12 returned as undeliverable as soon as they are received. If a waiver of service of summons
13 is not returned by Defendant within 30 days from the date the request for waiver was sent by
14 the Marshal, the Marshal shall:

15       (a)  Personally serve copies of the Summons, Complaint, and this Order upon
16    the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

17       (b)  Within 10 days after personal service is effected, file the return of service
18    for the Defendant, along with evidence of the attempt to secure a waiver of service of
19    the summons and of the costs subsequently incurred in effecting service upon the
20    Defendant. The costs of service shall be enumerated on the return of service form
21    (USM-285) and shall include the costs incurred by the Marshal for photocopying
22    additional copies of the Summons, Complaint, or this Order and for preparing new
23    process receipt and return forms (USM-285), if required. Costs of service will be
24    taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the
25    Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

26    (8)  **If Defendant agrees to waive service of the Summons and Complaint, he**
27 **shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

28

TERMPSREF

- 4 -

(9) Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(11) This matter is referred to Magistrate Edward C. Voss pursuant to LRCiv 72.1 and 72.2 for further proceedings.

DATED this 15th day of June, 2006.

Stephen M. McNamee
United States District Judge